Pleading and practice; motion for disqualification of trial■ fudge. — On October 28,1976 the court entered the following order.
*376 ‘ “These cases are before the court on defendant’s motion in Cities Service Helex for review of Trial Judge Spector’s order of August 19, 1976, denying defendant’s motion for disqualification of the trial judge, and on a similar motion of defendant in Phillips Petroleum Company for review of Trial Judge Spector’s order of August 25, 1976, denying defendant’s motion for disqualification of the trial judge. Both motions for review were made under our Buie 53(c) (2) (ii). Upon consideration thereof and the briefs of the parties, we conclude that both motions should be denied.
“The defendant alleges in both motions as a ground for the disqualification of Trial Judge Spector that in a companion case, National Helium Corporation, No. 158-75, involving identical issues and involving in camera inspection of identical documents which the defendant claims are privileged, another trial judge (Trial Judge Schwartz), after an in camera inspection of the documents, recused himself from the case on the ground that his objectivity as a trier of the facts had been affected by his examination of the documents. The defendant alleges that when and if Trial Judge Spector makes an in camera inspection of the same documents he will 'be similarly affected and for that reason he will be disqualified to try these cases.
“The defendant also alleges that a suggestion by Trial Judge Spector in his order of December 5, 1975, in these cases that to the extent possible the parties should utilize evidentiary material already available from an earlier case, Northern Helex Co. v. United States, 207 Ct. Cl. 862, 524 F. 2d 707 (1975), cert. denied, 429 U.S. 866 (1976), rather than file "time-wasteful and duplicating formal motions to produce,[1] indicates that he is disqualified to try these cases. We do not agree.
“The defendant has filed its motion under our Buie 53 (c) (2) (ii) which in pertinent part requires ‘a showing of extraordinary circumstances whereby further proceedings pursuant to the said order [of Trial Judge Spector refusing to recuse himself] would irreparably injure the complaining *377 party or occasion a manifest waste of the resources of the court or of the parties.’ It is our view that the defendant has not met the 'burden imposed on it by this Hule.
“The defendant says that Trial Judge Spector should be disqualified because of the provisions of 28 U.S.C. § 455(a) (Supp. V, 1975), which provides:
(a) Any justice, judge, magistrate, or referee in bankruptcy of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
“We have concluded that the defendant has made no showing that Trial Judge Spector’s impartiality might reasonably be questioned, and, therefore, the statute does not apply.
“The defendant has not filed an affidavit of personal bias or disqualification of the trial judge, as required by the second sentence of our Rule 14(d), and says that it ‘is not attributing personal bias and prejudice to the Trial Judge.’[2]
“The' defendant has not shown any sound or convincing reason why the trial judge should be disqualified. The court has full confidence in the integrity of Trial Judge Spector. He is fully qualified to try these cases without bias or prejudice. We are satisfied that if future circumstances change the situation, he himself will make the proper decision with reference thereto.
' “Accordingly, it is ordered that the motions of defendant are denied.”

 Tlie Northern Helex ease was tried by Trial Judge Spector. In that case in camera Inspection of documents was made by the trial judge pursuant to an order of tbe court (198 Ct. Cl. 996 (1972)), and the court Itself made an in camera inspection of evidence.

“ The trial judge denied defendant’s motions under the first sentence of Rule 14(d), which states that ‘a trial judge may at any time withdraw from a case if he deems himself disqualified.*